**IT IS ORDERED as set forth below:**



**Date: January 11, 2018**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CASE NO. **16-56987-PMB** |
| **EVAN BREEDLOVE**, | : | |
| Debtor. | : | CHAPTER 7 |
| | : | |
| **JUSTIN GEE**, | : | |
| Plaintiff, | : | |
| v. | : | ADVERSARY PROCEEDING NO. **16-5179** |
| **EVAN BREEDLOVE**, | : | |
| Defendant. | : | |

**ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT WITH LEAVE TO REPLEAD**

This matter is before the Court on the *Motion for Summary Judgment* filed on August 30, 2017 (Docket No. 40)(the "Motion") by the Plaintiff named above (the "Plaintiff") against the

Defendant Chapter 7 Debtor (the "Debtor").  The Motion includes Plaintiff's Brief, and is supported by a *Statement of Undisputed Facts* filed separately on August 30, 2017 (Docket No. 41)(the "Statement of Facts").  Because the Defendant did not file a response to the Statement of Facts, any material facts set forth therein are deemed admitted for the purpose of the Motion.  *See* BLR 7056-1(a)(2).[1]

In the Motion, the Plaintiff seeks relief on his complaint[2] declaring an $18,000.00 state court judgment that he claims to hold against the Debtor (the "Judgment")[3] nondischargeable under 11 U.S.C. § 523(a)(6) as a debt for a willful and malicious injury of the Plaintiff by the Debtor.  Plaintiff represents that the Judgment is based on an intentional act of aggravated assault by the Debtor resulting in numerous physical wounds to the Plaintiff.[4]  The Debtor filed his Brief

---

[1] Those facts would include the fact that the Debtor slashed and stabbed the Plaintiff, and that the Debtor pled guilty to aggravated assault upon the Plaintiff.  Although the Plaintiff tries in Paragraph 3 of the Statement of Facts to connect these activities to a final judgment and jury verdict (presumably the one he wishes to have declared nondischargeable in this matter), he fails to make that connection because, although the Statement of Facts asserts that the relevant judgment is attached thereto, the alleged judgment is not in fact so attached.  Consequently, the Statement of Facts does not establish that the Judgment (as defined below) has any relation to the activities described in Paragraphs 1 and 2 of the Statement of Facts.  As outlined below, this connection is not made by anything else presented by the Plaintiff in connection with the Motion.

[2] The Plaintiff commenced this Adversary Proceeding by filing a complaint on July 28, 2016 (Docket No. 1)(the "Original Complaint").  Plaintiff amended the Original Complaint in its entirety on August 22, 2016 (Docket No. 6) (the "First Amended Complaint").  The First Amended Complaint was itself amended on April 13, 2017 (Docket No. 20).  The First Amended Complaint, as so amended, is referred to herein as the "Complaint".

[3] According to the Plaintiff, the Judgment was entered in the Superior Court of Gwinnett County, Georgia on March 8, 2016, Civil Action File No. 12-A-10352-5 (the "Civil Suit") following entry of a jury verdict in favor of the Plaintiff and against the Debtor filed on February 25, 2016 (the "Jury Verdict").  These allegations appear to be supported by the face of the documents that the Plaintiff asserts are a copy of the Judgment and the Jury Verdict (*see* Motion, at p. 17-18), although the Court was not presented with an admissible copy of either document.

[4] Plaintiff states that the Debtor slashed his face from his "ear to the corner of [his] mouth and then stabbed [him] two to three times in the abdomen."  *See* Motion, ¶ 4; *see also* fn. 1, *supra*.  The Plaintiff asserts that "the number of wounds inflicted" by the Debtor show "an intentional act from which the Debtor believed serious injury was substantially certain to result."  In addition, the Plaintiff alleges that the Debtor willfully attempted to prevent this objection to dischargeability by misrepresenting his service address.  *See* Motion, ¶ 2.

2

in Opposition to the Motion on October 30, 2017 (Docket No. 45)(the "Debtor's Brief").[5] The Plaintiff did not file a reply to the Debtor's Brief. *See* Docket, *passim*.

In the Motion, the Plaintiff argues that he is entitled to relief as a matter of law because, based upon certain exhibits referenced in and attached to the Motion, all the elements of Section 523(a)(6) have been established and the Debtor is collaterally estopped from re-litigating such issues of fact herein. *See Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In his Brief (¶ 1, Motion, at p. 2), the Plaintiff refers to documents, including the Debtor's criminal plea[6] purportedly in connection with the underlying incident, as well as a request for admissions (the "Request for Admissions")(Motion, at pp. 11-13) and related responses (*see* Defendant's Response to Plaintiff's Request for Admissions)(the "Defendant's Response") (Motion, at pp. 14-16), the Jury Verdict, and the Judgment rendered in the Civil Suit that Plaintiff asserts was not appealed and is now final.

The Debtor responds that the Motion should be denied because the Plaintiff has failed to present sufficient evidence consistent with Federal Rule of Civil Procedure 56(c)(2), incorporated herein by and through Federal Rule of Bankruptcy Procedure 7056, given that the materials cited in support of the facts allegedly establishing a basis for relief are not in offered in admissible form

---

[5] The parties entered into a *Stipulation Extending Time for Defendant to Respond to Motion for Summary Judgment* on September 28, 2017 at Docket No. 44.

[6] A document attached to the Motion (pp. 6-10), which bears a file-mark date of April 19, 2012 and is entitled *First Offender or Conditional Discharge Sentence*, reflects a negotiated plea entered by the Debtor under O.C.G.A. § 42-8-60 (the "Criminal Plea"). According to the face of that document, the plea was entered in the Superior Court of Hall County, Georgia in the matter of *State v. Breedlove*, Criminal Action No. 2011CR001083J (the "Criminal Action").

and constitute hearsay.[7]   Further, the Debtor asserts that even if such documentary materials were admissible, they do not support a claim for relief under Section 523(a)(6).

For instance, the Debtor argues that the relevance of the Fine Calculation Worksheet, a copy of which is attached to the Motion (at p. 5) (the "Worksheet"), is questionable under Federal Rule of Evidence 401 (applicable herein through Fed.R.Bankr.P. 9017) since the Plaintiff offers no context or relationship between this document and the incident at issue and it does not clearly demonstrate such connection on its face.   This document has also not been properly authenticated in accordance with Fed.R.Evid. 902(4).   Similarly, according to the Debtor, the Criminal Plea (*see* Motion, at pp. 6-10) fails both relevancy and authenticity and does not indicate the underlying specific conduct for which the Debtor entered a negotiated plea.   Moreover, the Criminal Plea specifically states that "no judgment of guilt be imposed at this time."   Describing the Debtor as a first offender, the Plea disposes of the matter stating that "upon fulfillment" of the sentence, the Debtor "shall stand discharged of said offense without court adjudication of guilt and shall be completely exonerated of guilt of said offense charged."[8]   No evidence has been offered regarding whether or not the Debtor fulfilled his sentence.

With respect to the Request for Admissions (Motion, at pp. 11-13), the Debtor points out that this document and the accompanying Defendant's Response (Motion, at pp. 14-16) bear different case numbers (the Request for Admissions bears Chapter 7 Case No. 16-56987 and the

---

[7] Rule 56(c)(2), F.R.C.P., states that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."   Hearsay may not be introduced into evidence, absent an exception, which the Debtor insists has not been shown here.   *See* Fed.R.Evid. 802.

[8] The charges listed are "Aggravated Assault" and "DUI Of Alcohol," although the latter appears to be marked out (or possibly highlighted) but, in any event, is practically illegible on the copy provided.

Defendant's Response bears Civil Action File No. 12-A-10353-5), they are signed by different counsel, and they do not otherwise match up since there are fourteen (14) requests and nineteen (19) responses. The Debtor further states that he did respond to the Request for Admissions as actually propounded upon him by the Plaintiff in this Adversary Proceeding, and copies of those responses are filed at Docket No. 39.[9]

Finally, the Debtor maintains that the Jury Verdict and the Judgment itself do not show anything more than that a jury found in favor of the Plaintiff in the Civil Action, awarding $18,000.00 in special damages, and that the state court entered judgment on that verdict. Neither document, however, discloses the legal theory upon which the Verdict or Judgment and corresponding monetary award were based, nor do they contain any findings of fact regarding the basis for such award. As with the other exhibits, the Debtor states these documents are also unauthenticated and fail to meet the governing evidentiary standard for relevance in the matter presented herein.

*Legal Discussion*

Summary judgment may be granted pursuant to Rule 56 (F.R.C.P.), applicable herein by and through Bankruptcy Rule 7056 (F.R.B.P.), if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the "initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and

---

[9] The Debtor also notes that there are only seven (7) paragraphs in the Response he provided regarding the Requests propounded on him by the Plaintiff in which he denied each question, but that the Request for Admission attached to the Motion contains fourteen (14) requests.

5

admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)(internal quotation marks omitted); *accord, e.g., Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1303 (11th Cir. 2009). In deciding a motion for summary judgment, the court "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986). Further, all reasonable doubts should be resolved in favor of the non-moving party, and "if reasonable minds could differ on any inferences arising from undisputed facts, summary judgment should be denied." *Twiss v. Kury*, 25 F.3d 1551, 1555 (11th Cir. 1994), citing *Mercantile Bank & Trust Co. v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985).

Exceptions to discharge must be narrowly construed, and the party seeking such relief bears the burden of proving by a preponderance of the evidence that application of such an exception is warranted. *Terhune v. Houser (In re Houser)*, 458 B.R. 771, 776 (Bankr. N.D.Ga. 2011) (citations omitted). Under the Bankruptcy Code, Section 523(a)(6) concerns injuries caused by acts made with an intent to cause the injury, as distinguished from intentional acts that lead to injury. *See Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998); *see also Hope v. Walker (In re Walker)*, 48 F.3d 1161 (11th Cir. 1995).

Citing the doctrine of collateral estoppel, the Plaintiff relies exclusively on the documents attached to the Motion and other pleadings to establish entitlement to a determination of nondischargeability herein. Under this doctrine, a party may be precluded from re-litigating issues already determined by a valid and final judgment of another court. *Houser, supra*, 458

6

B.R. at 777, citing *In Re Bilzerian,* 100 F.3d 886 (11th Cir. 1996). In deciding whether collateral estoppel applies, bankruptcy courts apply the law of the court issuing the prior judgment. *Id.* Here, the prior judgment was entered by a Georgia court and, therefore, Georgia law controls whether collateral estoppel precludes re-litigation under the present facts. "Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions." *Houser*, 458 B.R. at 777, quoting *Wickliffe v. Wickliffe Co., Inc.,* 227 Ga.App. 432, 433, 489 S.E.2d 153 (1997). A prior judgment used for applying collateral estoppel must also be a final judgment. *See e.g., Greene v. Transport Ins. Co.,* 169 Ga.App. 504, 506, 313 S.E.2d 761 (1984). Under Georgia law, a party seeking application of collateral estoppel must establish the following elements: "(1) [t]here must be an identity of issues between the first and second actions; (2) the duplicated issue must have been actually and necessarily litigated in the prior court proceeding; (3) determination of the issue must have been essential to the prior judgment; and (4) the party to be estopped must have had a full and fair opportunity to litigate in the course of the earlier proceeding." *Houser*, 458 B.R. at 777, quoting *In re Graham,* 191 B.R. 489, 495 (Bankr. N.D.Ga. 1996).

Although state collateral estoppel law may bar re-litigation of certain factual issues, the bankruptcy court must ultimately decide the legal question of the dischargeability of a particular debt. *In re St. Laurent*, 991 F.2d 672, 675 (11th Cir. 1993). Here, use of the Criminal Plea, the Jury Verdict, the Judgment, and other exhibits attached to the Motion for any preclusive effect concerning facts supporting relief on the Complaint is not appropriate for a number of reasons.

First, as noted by the Debtor in the Debtor's Brief, none of the documents submitted with the Motion are admissible.[10]  The Plaintiff has not shown how these documents are relevant under F.R.E. 401, by tending to make the existence of a consequential fact "more or less probable", since he has offered no foundational background for the documents or otherwise provided some appropriate basis for determining their connection to the specific facts he needs to prove.  Further, the copies presented have not been authenticated as provided in F.R.E. 902(4) to support a finding that the documents are what in fact the Plaintiff claims them to be.

There are a number of ways in which the Debtor might have submitted these documents in a way that would have rendered them admissible.  The first, most obvious, and the easiest, would have been to attach all of them as exhibits to the Statement of Facts, with an explanation as to each that would establish its foundation and potential admissibility.  Then, assuming that the documents are what the Plaintiff says in the Motion they are (such that the Debtor could not contest the statements), and a hearsay exception applies where relevant, the documents would likely be admissible.  The Debtor appears to have tried to do this as to the Judgment, but then failed to actually attach what he claims is a copy of the Judgment to the Statement of Facts.  The Debtor did not refer to any of the other documents attached to the Motion in the Statement of Facts.

A second way that the Plaintiff could have rendered the documents admissible is to have served requests for admission on the Debtor under Federal Rule of Bankruptcy Procedure 7034, seeking an admission that these documents are what the Plaintiff says they are.  Those requests

---

[10] Inadmissible hearsay (*see* Federal Rules of Evidence 801-804) may not be considered on a motion for summary judgment unless it can be presented as admissible evidence at trial for some purpose.  *See Macuba v. DeBoer*, 193 F.3d 1316, 1322 (11th Cir. 1999), cited in *Wright v. Farouk Sys., Inc.*, 701 F.3d 907, 910 (11th Cir. 2012)(construing Fed. R.Civ.P. 56(c)(4).  Further, as provided in Fed.R.Civ.P. 56(c)(2), parties may contest "material cited to support or dispute a fact [that] cannot be presented in a form that would be admissible in evidence."

and responses could then have been submitted to the Court.[11]  It appears that the Plaintiff tried to do this also, but this time the Plaintiff attached the wrong documents to his pleadings, as the alleged Request for Admissions and Defendant's Response obviously do not relate to one another.[12]  Finally, the Plaintiff could have gotten certified copies of each of the documents from the relevant court and submitted those along with an affidavit providing a foundation for each.  Having failed to do any of these things, none of the documents tendered by the Plaintiff via attachment to his Motion are admissible, and thus there is nothing to which the Court could give preclusive effect.

Even if the documents that the Plaintiff attached to the Motion were admissible or could otherwise be considered by the Court, however, it would still not be appropriate to grant the Motion because the documents themselves do not establish the basis for the Judgment.  The Judgment itself is devoid of any information as to the basis for it.  The Plaintiff did not submit any other documents that might have shed light on that issue.  For example, the Plaintiff might have submitted the complaint that resulted in the Judgment, or a pretrial order from the Civil Suit that outlines the claims to be tried, or a transcript of the trial – anything that would have provided information as to the basis for the Judgment.  None of this was provided in any form – admissible or not.  Absent such a connection, the Judgment could arise from any type of interaction between

---

[11] Serving new requests is no longer possible in this case, as the discovery period has expired.  The Plaintiff could submit copies of requests and responses previously exchanged by the parties.

[12] The Court has reviewed the Request for Admissions and the Defendant's Response, and as the Debtor suggests, they do appear to relate to two (2) different cases, do not appear to relate to one another, and, in any event, do not establish any facts relevant for decision herein.  In addition, although the Request for Admissions makes reference to the Verdict, a transcript of the Debtor's plea, a plea of justification, and a copy of the mailing matrix in this bankruptcy case (*see* ¶¶ 1-5, Motion at p. 11), only copies of the Verdict and the Judgment are actually attached to the Motion itself.  As noted above, a copy of the Criminal Plea is attached to the Motion, though no transcript is attached and the other documents to which the Plaintiff refers in the Request for Admissions appear to relate to the Civil Suit.

the Plaintiff and the Debtor – a business transaction, an automobile accident, or some other matter, none of which would provide a basis for rendering the Judgment nondischargeable.

The Plaintiff did submit a number of documents related to a Criminal Action against the Debtor that appear facially to arise from an assault on the Plaintiff. Unfortunately, nothing in any of those documents connects the Criminal Action to the Judgment.[13] Again, absent such a connection, the Judgment could arise from any other interaction that the Plaintiff and the Debtor might have had, and the Criminal Action would not be relevant to it.

In sum, the Plaintiff did not present the Court with any admissible documents in connection with the Motion (i) that show that a judgment exists or its amount, or (ii) that show that any such judgment arises from a willful and malicious injury. Further, even if all of the documents presented by the Plaintiff in connection with the Motion were admissible or could otherwise be considered by the Court, they do not establish the basis for the Judgment such that the Court could apply collateral estoppel and conclude that the Judgment arises from a willful and malicious injury perpetrated by the Debtor on the Plaintiff.

Accordingly, based upon the above discussion, the Court concludes that the Motion does not establish that the Plaintiff is entitled to judgment on the Complaint as a matter of law, and it is

**ORDERED** that the Motion be, and the same hereby is, **denied** without prejudice; and, it is further

---

[13] Further, examining the documents attached to the Motion, with regard to the Worksheet and the Criminal Plea entered in the Hall County criminal action, the Court finds that even if these documents were properly authenticated, they do not establish sufficient facts in support of the Plaintiff's claim. All the Worksheet shows is that the Debtor was ordered to pay court costs, a lab fee for felony probation cases, and any other fines, fees, or restitution as ordered in the Criminal Action. Regarding the Criminal Plea, although it does refer to a charge of aggravated assault, it provides no factual detail regarding what occurred and who was injured.

**ORDERED** that the Plaintiff is allowed **twenty-one (21) days** from the date of entry of this Order within which to file a renewed motion for summary judgment under F.R.C.P. 56(b) (F.R.B.P. 7056) that addresses the issues set forth in this Order.   It is further

**ORDERED** that, should the Plaintiff fail to file timely a renewed motion for summary judgment, the Motion shall stand **denied** and this matter will be set for trial; and, it is further

**ORDERED** that, should the Plaintiff timely file a renewed motion, the Debtor shall have **twenty-one (21) days** from the filing of same to file a responsive pleading.

The Clerk is directed to serve a copy of this Order upon counsel for the Plaintiff, counsel for the Debtor, the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**