**IT IS ORDERED as set forth below:**

**Date: May 18, 2018**

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: | CASE NO. **16-56987-PMB** |
| **EVAN BREEDLOVE**, | |
| Debtor. | CHAPTER 7 |
| | |
| **JUSTIN GEE**, | |
| Plaintiff, | |
| v. | ADVERSARY PROCEEDING NO. **16-5179** |
| **EVAN BREEDLOVE**, | |
| Defendant. | |

**ORDER GRANTING DEBTOR'S MOTION FOR SUMMARY JUDGMENT**
**AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on the *Supplement to Motion for Summary Judgment* filed

by the Plaintiff named above (the "Plaintiff") on February 5, 2018 (Docket No. 50)(the "Plaintiff's

Supplemental Motion"). The Plaintiff's Supplemental Motion was filed after entry of this Court's *Order Denying Plaintiff's Motion For Summary Judgment With Leave To Amend* entered on January 12, 2018 (Docket No. 47)(the "Order"), and supplements the Plaintiff's *Motion for Summary Judgment* filed on August 31, 2017 (Docket No. 40)(the "Plaintiff's Original Motion"; the Plaintiff's Original Motion, as supplemented by the Plaintiff's Supplemental Motion, is referred to herein as the "Plaintiff's Motion").

Also before the Court is the *Motion for Summary Judgment* (the "Debtor's Motion") filed by the Defendant-Chapter 7 Debtor (the "Debtor") on February 26, 2018, accompanied by a Declaration Under Penalty of Perjury of James M. Adam (the "Declaration") and Statement of Material Facts Not in Dispute (the "Statement of Material Facts")(Docket No. 51), and a Brief in Response (Docket No. 52). Based on a review of the foregoing cross motions for summary judgment and their accompanying documents, for the reasons set forth below, the Court denies the Plaintiff's Motion and grants the Debtor's Motion.

*Background*

The Plaintiff seeks in his Complaint[1] to have an $18,000.00 state court judgment that he claims to hold against the Debtor (the "Judgment")[2] declared nondischargeable under 11 U.S.C.

---

[1] The Plaintiff commenced this Adversary Proceeding by filing an "Objection to Discharge" on July 28, 2016 (Docket No. 1)(the "Original Complaint"). The Original Complaint was filed in the Debtor's main case (Case No. 16-56987-PMB)(the "Main Case"), but was treated by the Court as a complaint initiating an adversary proceeding, since objections to discharge and dischargeability must be made by the filing of an adversary proceeding. *See* Federal Rules of Bankruptcy Procedure 7001(4) & 7001(6). Plaintiff amended the Original Complaint in its entirety on August 22, 2016 (Docket No. 6) (the "First Amended Complaint"). The First Amended Complaint was itself amended on April 13, 2017 (Docket No. 20). The First Amended Complaint, as so amended, is referred to herein as the "Complaint."

[2] According to the Plaintiff, the Judgment was entered in the Superior Court of Gwinnett County, Georgia on March 8, 2016, in a matter styled *Justin Gee v. Evan M. Breedlove*, Civil Action File No. 12-A-10352-5 (the "Civil Suit") following entry of a jury verdict in favor of the Plaintiff and against the Debtor filed on February 25, 2016 (the "Jury Verdict"). Although these allegations appear to be supported by the face of the documents that the Plaintiff asserts

§ 523(a)(6) as a debt for the willful and malicious injury of the Plaintiff by the Debtor. Plaintiff asserts that the Judgment is based on an intentional criminal act by the Debtor (aggravated assault) resulting in numerous physical wounds to the Plaintiff.[3]

In the Plaintiff's Supplemental Motion, the Plaintiff seeks to address issues previously raised by the Court regarding the Plaintiff's failure to present adequate documentary support in connection with the Plaintiff's Original Motion. In that regard, the Plaintiff attached to the Plaintiff's Supplemental Motion a certified copy of a transcript of a hearing on the Debtor's plea of guilty to a charge of aggravated assault[4] in the Superior Court of Hall County, Georgia (*State of Georgia v. Evan Breedlove*, Case No. 2011-CR-1083J)(the "Criminal Action"), in addition to certified copies of other pleadings and orders, including the Plaintiff's complaint filed against the Debtor in the subsequent Civil Suit. Based upon exhibits referenced in and attached to the Plaintiff's Original Motion, plus the documents attached to the Plaintiff's Supplemental Motion, the Plaintiff argues that he is entitled to relief as a matter of law because he has established all the elements of Section 523(a)(6) and the Debtor is collaterally estopped from re-litigating such issues of fact here.

---

are a copy of the Judgment and the Jury Verdict (*see* Plaintiff's Motion, at p. 17-18), the Plaintiff did not present an admissible copy of either document or otherwise establish that those documents are true and correct copies. *See* Order *passim*.

[3] Plaintiff states that the Debtor slashed his face from his "ear to the corner of [his] mouth and then stabbed [him] two to three times in the abdomen." *See* Plaintiff's Motion, ¶ 4. The Plaintiff asserts that "the number of wounds inflicted" by the Debtor show "an intentional act from which the Debtor believed serious injury was substantially certain to result." In addition, the Plaintiff alleges that the Debtor willfully attempted to prevent this objection to dischargeability by misrepresenting his service address in the mailing matrix (Main Case Docket No. 1, page 56). *See* Plaintiff's Motion, ¶ 2.

[4] A document attached to the Plaintiff's Motion (pp. 6-10), bearing a file-mark date of April 19, 2012 and entitled *First Offender or Conditional Discharge Sentence*, reflects a negotiated plea entered by the Debtor under O.C.G.A. § 42-8-60 (the "Criminal Plea").

In the Debtor's Motion, the Debtor contends that he is entitled to judgment because the Plaintiff's Original Complaint was filed after July 25, 2016, the deadline for such filings under Federal Rule of Bankruptcy Procedure 4007(c)[5]. Consequently, the Debtor argues that the Plaintiff's cause of action, if he has one, actually lies under 11 U.S.C. § 523(a)(3) because Plaintiff's claim under Section 523(a)(6) was not timely asserted.[6] As to Section 523(a)(3), the Debtor asserts that he has established through the undisputed documents attached to the Debtor's Motion and the Statement of Material Facts that the Plaintiff had actual knowledge of the pendency of the Debtor's bankruptcy case in time to act in a timely manner. The Debtor maintains that, although the Plaintiff's address was not properly listed in the schedules and creditor matrix in the Main Case, the Plaintiff still had actual knowledge of the pendency of this bankruptcy case as early as May 13, 2016 because, as demonstrated in the uncontested Declaration of James M. Adam, counsel who defended the Debtor in the Civil Suit, and the undisputed Statement of Material Facts, the Plaintiff's lawyer was advised of the filing of the Main Case on that date.[7] The Plaintiff has

---

[5] The Debtor actually referred to Fed R Bankr P 4008(c). Because there is no subsection (c) to Rule 4008, and Rule 4007 deals with dischargeability, the Court believes that the Debtor meant to refer to Fed.R.Bankr.P. 4007(c).

[6] This subsection provides that a debt is not discharged if it is –

> (3) neither listed nor scheduled under Section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit –
> …
>
> (B) if such debt is of a kind specified in Paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under of one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request….

11 U.S.C. § 523(a)(3)(B).

[7] The Debtor also argues that, despite the number of additional and apparently authenticated certified documents the Plaintiff has now filed, Plaintiff has still not submitted properly admissible documentary support in connection with his claim for relief, especially with regard to the Judgment itself, so that a connection can be made with the complaint in the Civil Suit. In light of its determination that the Complaint was untimely, the Court does not reach this issue.

not responded to the Debtor's Motion, Statement of Material Facts, or attached documents,[8] nor did he file any affidavits in support of the Plaintiff's Motion.[9]

*Standard of Review*

Summary judgment may be granted pursuant to Rule 56 (F.R.C.P.), applicable herein by and through Bankruptcy Rule 7056 (F.R.B.P.), if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  The moving party bears the "initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (internal quotation marks omitted); *accord, e.g., Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1303 (11th Cir. 2009).  In deciding a motion for summary judgment, the court "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986).  Further, all reasonable doubts should be resolved in favor of the non-moving party, and "if reasonable minds could differ on any inferences arising from undisputed facts, summary judgment should be denied."  *Twiss v. Kury*, 25 F.3d 1551, 1555 (11th Cir. 1994), citing *Mercantile Bank & Trust Co. v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985).

---

[8] Under Local Rule BLR 7056-1(a)(2), material facts contained in a moving party's statement of such facts to which no response is filed are deemed admitted.

[9] The Plaintiff did file a Statement of Undisputed Facts with the Plaintiff's Original Motion (Docket No. 41).  None of the facts in that pleading relate to the timeliness issue.

*Discussion*

This chapter 7 bankruptcy case was filed on April 21, 2016 (Main Case Docket No. 1). As stated in the *Notice of Chapter 7 Bankruptcy Case* filed on April 22, 2016 (Main Case Docket No. 4)(the "Notice"), the meeting of creditors under 11 U.S.C. § 341 was scheduled for May 25, 2016,[10] and the deadline to challenge the dischargeability of a particular debt under 11 U.S.C. § 523(a)(6) was July 25, 2016 (the "Deadline").  *See also* Fed.R.Bankr.P. 4007(c).  The Notice was mailed by the Court to creditors based on the creditor mailing matrix provided and verified by the Debtor.   The Debtor does not dispute that the Plaintiff was listed in his Statement of Financial Affairs, Schedule D, and in the mailing matrix at an improper mailing address (*see* Main Case Docket No. 1).  The Debtor acknowledges that the address listed in the mailing matrix for Plaintiff (75 Langley Drive, Lawrenceville, Georgia 30046) is neither the address of the Plaintiff nor his counsel, but is instead the address of the Gwinnett County Courthouse.  The Plaintiff certified through counsel that he served the Original Complaint initiating this Adversary Proceeding on July 25, 2016 (Docket No. 1), but as reflected on the Court Docket, it was not actually filed with the Clerk of this Court until July 28, 2016, which is three (3) days after the Deadline.[11]

The Debtor's contention that the Complaint is untimely was first raised in the Debtor's *Motion to Strike* filed on April 13, 2017 (Docket No. 21), and was asserted in his *Answer to Plaintiff's Amended Complaint as Amended by the Amendment Filed April 13, 2017 and*

---

[10] The docket in the Main Case reflects that the meeting was held and concluded on that day.

[11] Evidently, the Original Complaint was mailed to the Clerk for filing on or about July 25, 2016, which was a Monday.  The Court later entered an *Order Granting Motion to Compel Plaintiff's Counsel to Comply with BLR 5005-6(a)* on April 21, 2017 (Docket No. 24), requiring the Plaintiff's counsel to comply with the local rules and file all subsequent documents electronically.

6

*Affirmative Defenses of Defendant* filed on July 7, 2017 (Docket No. 30). In the Debtor's Motion, the Debtor has now presented undisputed evidence that he provided actual notice of the filing of this bankruptcy case to the Plaintiff's counsel on May 13, 2016, seventy-three (73) days prior to the Deadline.

More specifically, Mr. Adam, the Debtor's counsel in the Civil Suit, certified in the Declaration that he regularly communicated with Mr. Daum, who served as counsel for the Plaintiff in the Civil Suit and is also Plaintiff's counsel in this Adversary Proceeding. Mr. Adam avers that, in an e-mail reply to an inquiry by Plaintiff's counsel regarding the status of the Debtor's responses to post-judgment discovery, Mr. Adam stated "I understand Mr. Breedlove has filed a chapter 11 bankruptcy and you were supposed to have been served with a stay. I do not represent him in the bankruptcy." *See* Exhibit "A" as attached to the Declaration. The date of this e-mail is shown as May 13, 2016. The Plaintiff has not contested that this communication occurred or offered contrary evidence on this point.

Based on the foregoing, it is beyond dispute that the Original Complaint was not timely filed. The Deadline for filing a complaint to object to the dischargeability of a debt of the Debtor was July 25, 2016. The Original Complaint was not filed until July 28, 2016.[12] Consequently,

---

[12] Pursuant to Federal Rule of Bankruptcy Procedure 4007(c), a complaint challenging the dischargeability of a debt under 11 U.S.C. § 523(c) "shall be *filed* no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed.R.Bankr.P. 4007(c) (emphasis added). Although the Original Complaint was purportedly *mailed* to the Clerk for filing on July 25, 2016, it was not *filed* with the Clerk until July 28, 2016, as reflected on the time-stamped entry on the face of the document. *See* Original Complaint, p. 1. "Sending or mailing by the United States Postal Service is not the equivalent of filing. Such an act is merely one mode of transporting the necessary papers to the Clerk's Office where the papers are to be *filed* by the Clerk." *In re Strickland*, 50 B.R. 16, 17 (Bankr. M.D. Ala. 1985). Here, Rule 4007(c) clearly states that complaints challenging dischargeability must be filed, not mailed, by a certain date. *See* 9 COLLIER ON BANKRUPTCY ¶ 4007.04[1][a] (16th ed. 2018)(explaining that "[t]he language of the rule clearly specifies that the complaint must be filed by that date, so that merely mailing it to the clerk by the deadline is not sufficient"). Thus, the mailing of the Original Complaint on the applicable deadline is irrelevant; rather, it is the date of *filing* that governs the timeliness of a complaint made under Rule 4007(c). "[A] document is filed when it is delivered and received into the custody of the clerk, not merely sent through the United States mails.

the obligation of the Debtor to the Plaintiff cannot be nondischargeable under Section 523(a)(6) (*see* Fed.R.Bankr.P. 4007(c)), and the only way in which the obligation of the Debtor to the Plaintiff can be nondischargeable is pursuant to Section 523(a)(3).

As noted above, Section 523(a)(3) renders nondischargeable claims that would be nondischargeable under, *inter alia*, Section 523(a)(6) but with respect to which a timely complaint as required by Fed. R. Bankr. Pro. 4007(c) was not filed, in circumstances where the creditor did not get timely notice of the filing of the bankruptcy case.[13]   Under Section 523(a)(3), notice of a case means "notice reasonably calculated, given the factual circumstances, to inform claimants of a proceeding that affects their rights."   *In re Johnson*, 2009 WL 6499334, *2, 2009 Bankr. LEXIS 2611 (Bankr. N.D. Ga. July 22, 2009), quoting *In re Kendavis Holding Co.*, 249 F.3d 383, 387-88 (5th Cir. 2001).   When a debtor fails to schedule a creditor properly, the creditor's right to contest dischargeability may not be dismissed as time-barred under Fed.R.Bankr.P. 4007(c).   *Chanute Prod. Credit Ass'n v. Schicke (In re Schicke)*, 290 B.R. 792, 800 (B.A.P. 10th Cir. 2003). Creditors are entitled to due process and adequate notice, and such rights may not be disregarded. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313-14, 70 S.Ct. 652, 657, 94 L.Ed.2d 865 (1950).

---

*In re Pack*, 252 B.R. 701, 704 (Bankr. E.D. Tenn. 2000)(quoting *In re Bozeman*, 219 B.R. 253, 255 n.3 (Bankr. W.D. Ark. 1998)).   Because the Original Complaint was not filed until July 28, 2016, it was untimely under Rule 4007(c). Federal Rule of Bankruptcy Procedure 9006(f) is also no help to the Plaintiff, since the time period contained in Rule 4007(c) is not measured from service, but instead is measured from a specific date – the first date set for the 341 meeting.

[13]  *See e.g. Douglas Cty. Bd. of Comm'rs v. Quarterman (In re Quarterman)*, 2010 WL 4642471, *4-*5 (Bankr. N.D. Ga. Aug. 23, 2010)(Section 523(a)(3)(B) sets forth an exception to the rule that a cause of action under Section 523(a)(6) must be timely filed in accordance with Fed.R.Bankr.P. 4007(c) and Section 523(c)(1)).

Here, the Debtor failed to comply with Fed.R.Bankr.P. 1007(a)(1) and (b), and 11 U.S.C. § 521, because he did not list the Plaintiff as a creditor at his proper address consistent with the requirements of the Official Form. Instead, he listed the Plaintiff as a creditor, but gave an incorrect address for the Plaintiff. The duty to afford due process, however, is supplemented by the responsibility placed on the creditor to inquire and to file an objection to the dischargeability of a debt within the time limit provided in Fed.R.Bankr.P. 4007(c) if the creditor has "notice or actual knowledge of the case in time for such timely filing." *See* 11 U.S.C. § 523(a)(3)(B). In other words, creditors with notice must act to protect their rights by informing themselves of applicable deadlines and taking appropriate action accordingly.

Although notice to a creditor's attorney is not always sufficient to put that creditor on notice of the filing of a bankruptcy case by a debtor,[14] in certain situations the attorney's knowledge may be properly imputed to the creditor. For instance, notice may be imputed when the creditor is scheduled in care of its attorney. *See e.g. Schicke, supra*. In *Schicke*, the court found a sufficient nexus between the creditor and the attorney where the attorney represented the creditor in pre-bankruptcy litigation against the debtor. *Schicke,* 290 B.R. at 802-03.

The relationship between the Plaintiff and his counsel in this case is clearly adequate to have put Plaintiff on notice of this bankruptcy case because that relationship was directly related to the Plaintiff's issues with the Debtor. The counsel that received notice of the filing of this case is the same counsel that obtained the Judgment and the same counsel that filed the Complaint. In fact, it was in the context of communication regarding post-judgment discovery on the Judgment

---

[14] *See e.g. Johnson, supra*, at *3 (finding notice sent to attorney employed at same law firm as creditor's former attorney, which did not identify real party in interest, is not reasonably calculated to provided notice to creditor).

9

that Plaintiff's counsel received notice that the Debtor had filed a bankruptcy case. *See also Lompa v. Price (In re Price)*, 871 F.2d 97, 99 (9th Cir. 1989); *cf. Maldonado v. Ramirez*, 37 B.R. 219, 221 (D. V.I. 1984), *rev'd on other grounds*, 757 F.2d 48, 51 (3rd Cir. 1985); and *see In re San Miguel Sandoval*, 327 B.R. 493, 508-10 (B.A.P. 1st Cir. 2005)(notice sent to attorney sufficient to impose obligation on creditor to monitor proceedings); *accord In re Manausa*, 2013 WL 12233953 (Bankr. N.D. Fla. Dec. 12, 2013)(e-mail notice received by counsel providing less than thirty-six (36) hours notice held insufficient).

Based on this notice, the Debtor's failure to list the Plaintiff's proper address on the mailing matrix did not relieve the Plaintiff of his obligation to act in a timely manner in the enforcement of his rights and protection of his claim. *See Byrd v. Alton (In re Alton)*, 837 F.2d 457, 460 (11th Cir. 1988). Because the Plaintiff's lawyer in this Adversary Proceeding also represented the Plaintiff in the Civil Action, counsel's knowledge, based on the notice he received from Mr. Adam, is properly imputed to the Plaintiff, who was thus placed on notice to determine any applicable deadlines for asserting his claim.[15] Such imputation is based on the nexus between the Plaintiff's retention of his attorney and his claim against the Debtor, as well as his attorney's participation in this bankruptcy case.[16]

---

[15] As noted above, Plaintiff's counsel has not disputed that he was provided notice of this bankruptcy case through Mr. Adam's e-mail in May, 2016. Moreover, it appears that the Plaintiff's counsel became aware of the implications of the bankruptcy filing in time to have filed a timely dischargeability complaint, as he apparently prepared and served the Original Complaint asserting alleged grounds for excepting the Judgment from discharge on or prior to the Deadline – he simply failed to file the Original Complaint with the Court in time.

[16] Courts in bankruptcy cases have held that "'notice served on a creditor's nonbankruptcy attorney imputes notice to the creditor [only] so long as there is a nexus between the creditor's retention of the attorney and the creditor's claim against the debtor.'" *Licata v. Seven Oaks Partners, L.P. (In re Seven Oaks Partners, L.P.)*, 2018 WL 276681, *5 (D. Conn. Jan. 3, 2018), quoting *Lefkowitz v. Najjar (In re Najjar)*, 2007 WL 1395399, at *4 (Bankr. S.D. N.Y. May 11, 2007). A sufficient nexus has been found "'where such creditor's nonbankruptcy attorney participated in the bankruptcy case'" and also where the attorney's "'activity on behalf of the creditor in a nonbankruptcy proceeding was significant and ongoing at the time of the bankruptcy.'" *Id*. Each one of these factors is present here.

*Conclusion*

Given the notice to counsel for the Plaintiff of the filing of a bankruptcy case well prior to the Deadline and his failure to act in a timely manner as established by the undisputed facts, the Debtor is entitled to summary judgment, the Plaintiff is not entitled to summary judgment,[17] and the judgment debt at issue will not be excepted from discharge herein under either 11 U.S.C. §§ 523(a)(3)(B) or 523(a)(6).   Consequently, it is

**ORDERED** that the Debtor's Motion be, and the same hereby is, **granted** and judgment will be entered in favor of the Debtor and against the Plaintiff on the Complaint; and, it is further

**ORDERED** that the Plaintiff's Motion be, and the same hereby is, **denied**.

The Clerk is directed to serve a copy of this Order upon counsel for the Plaintiff, counsel for the Debtor, the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**

---

[17] Because the Original Complaint was not timely, and because the Plaintiff is not entitled to relief under Section 523(a)(3) for the reasons set forth above, the Plaintiff's Motion must be denied.